**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| VOICE of the EXPERIENCED, *on behalf of itself and its members*; POWER COALITION for EQUITY and JUSTICE, *on behalf of itself and its members*; and LEAGUE of WOMEN VOTERS of LOUISIANA, *on behalf of itself and its members*; <br><br> *Plaintiffs*, <br><br> v. <br><br> R. KYLE ARDOIN, *in his official capacity as Secretary of State of Louisiana*, <br><br> *Defendant*. | Civil No. 3:23-cv-00331-JWD-SDJ |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION**
**FOR PROTECTIVE ORDER**

## I.    INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 26(c)(1), Plaintiffs Voices of the Experienced

("VOTE"), Power Coalition for Equity and Justice, and the League of Women Voters of Louisiana

(collectively, "Plaintiffs") respectfully move for the entry of a protective order in this action,

limiting the parties' ability to publicly disclose personally identifiable information concerning

members of Plaintiffs-organizations. Plaintiffs endeavored to reach an agreement with Defendant

on the entry of a stipulated protective order but were unable to do so. Defendant has informed

Plaintiffs that he opposes this motion.

## II.    BACKGROUND

Plaintiffs filed this action on May 1, 2023, Compl., ECF No. 1, concerning Louisiana's

requirement that voter registrants who temporarily lost the right to vote after a felony conviction

but who have since had that right restored pursuant to Louisiana law, provide documentary proof

of eligibility (the "Paperwork Requirement") to re-register to vote. Plaintiffs allege, *inter alia*, that

the Paperwork Requirement violates the National Voter Registration Act ("NVRA"), which

prohibits states from creating additional paperwork barriers to voter registration beyond the form

itself. *See* 52 U.S.C. § 20505(a)(1)-(2).

Plaintiffs filed a motion for preliminary injunction on May 22, 2023. Mot. For Prelim. Inj.,

ECF No. 21. On May 31, 2023, the Court held a status conference, in which the parties discussed

exchanging preliminary discovery. Min. Entry, at 5, ECF No. 27. Plaintiffs' counsel agreed,

subject to confirmation with Plaintiffs, to provide Defendant with information about members

affected by the Paperwork Requirement, and Defendant's counsel agreed to provide Plaintiffs with

the most recent list of voters whose registrations had been marked "suspended" by the Secretary

of State and the most recent list of ineligible voters provided to the Secretary of State by the

Louisiana Department of Corrections. *Id*; *see also* Ex. 1, at 21-26.

In particular, Defendant seeks from Plaintiffs the following:

> The names and contact information for all felons who have been suspended for conviction of a felony and who have attempted to obtain reinstatement by using the federal mail in form or the state mail in form and who have encountered problems with respect there to; and who are members of any plaintiff organization. . . . [as well as] the date of birth for each as well as their mother['】s maiden name so that [Defendant] may be able to locate the records for the particular individual. . . . [and]

> [T]he parish where reinstatement was sought and the date reinstatement was sought, and the problems encountered by each individual in obtaining reinstatement after suspension for conviction of a felony.

Ex. 1, at 24-25.

After consulting with Plaintiffs, Plaintiffs' counsel asked Defendant's counsel if they

would consent to a protective order to maintain the confidentiality of Plaintiffs' affected members.

*Id.* at 19-20, 22-24. Absent agreement, Plaintiffs' counsel indicated they would file a motion for a protective order prior to disclosing the identities of their members. *Id.* at 16-17.    Defendant's counsel indicated that Defendant would not agree to any protective order. *Id.* at 16. On June 12, the parties held a meet and confer by telephone to discuss the dispute. Plaintiffs offered to design a protective order that would allow Defendant to discuss the affected members' circumstances with the relevant parishes. Even with this accommodation, Defendant declined to agree to any confidentiality provisions for Plaintiffs' members, prompting Plaintiffs to file the instant motion. *See* Ex. 1 at 4-5.

### III.    LEGAL STANDARD

Rule 26(c)(1) of the Federal Rules of Civil Procedure permits a party to move for a protective order to prevent or limit the disclosure of confidential information. Fed. R. Civ. P. 26(c)(1). The Rule provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending" and that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* A court may issue a protective order only if the moving party establishes good cause. *Louisiana Corral Mgmt., LLC v. Axis Surplus Ins. Co.*, No. CV 22-2398, 2023 WL 156876, at *7 (E.D. La. Jan. 11, 2023). "'Good cause' exists when disclosure will result in a clearly defined and serious injury to the party seeking the protective order." *Id.* (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)).

### IV.    ARGUMENT

Plaintiffs seek a protective order prohibiting Defendant from publicly disclosing personally identifying information about Plaintiffs' members without the consent of that individual.

3

As courts in the Fifth Circuit have repeatedly recognized, Plaintiffs have a constitutional right to maintain the confidentiality of their members. *See Hastings v. Ne. Indep. Sch. Dist.*, 615 F.2d 628, 631-33 (5th Cir. 1980) (vacating district court orders requiring the disclosure of plaintiffs' membership lists, reasoning that compelled disclosure abridged plaintiffs' associational and privacy rights under the First and Fourteenth Amendments); *see also Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462 (1958) ["*NAACP*"] ("[C]ompelled disclosure of affiliation with groups engaged in advocacy may constitute as effective a restraint on freedom of association . . . . Inviolability of privacy in group association may in many circumstances be indispensable to preservation of freedom of association, particularly where a group espouses dissident beliefs."). In *NAACP*, the Court recognized an associational privilege under the First Amendment when discovery "entail[s] the likelihood of a substantial restraint upon the exercise by [a party]'s members of their right to freedom of association." 357 U.S. at 462. Compelled disclosure of a party's membership violates the First Amendment where such disclosure adversely affects the ability of the party and its members to engage in advocacy by inducing members to withdraw and discouraging others from joining. *Id.* at 462-63.

Accordingly, based on this associational privilege, courts in this Circuit have routinely prevented public disclosure of membership lists. *See, e.g.*, *Young Conservatives of Texas Found. v. Univ. of N. Texas*, No. 4:20-CV-973-SDJ, 2022 WL 2901007, at *4 (E.D. Tex. Jan. 11, 2022) (limiting the disclosure of member names to party counsel in recognizing the First Amendment right to confidential membership lists); *League of United Latin Am. Citizens v. Abbott*, No. EP21CV00259DCGJESJVB, 2022 WL 2806850, at *3 (W.D. Tex. July 18, 2022) ["*LULAC*"]

4

(granting plaintiffs "leave to pseudonymously identify members of their organizations that they allege have suffered the requisite harm").

"If the party asserting the privilege makes a *prima facie* showing that it applies, then the burden shifts to the party seeking the information to demonstrate a compelling need for the information and that the information cannot be obtained from other sources." *Bright Response, LLC v. Google Inc.*, No. 2:07CV371, 2009 WL 10741629, at * 1(E.D. Tex. Sept. 29, 2009) To make such a *prima facie* showing, a party "need only demonstrate an objectively reasonable probability that disclosure of the information may expose its 'members to economic reprisal, loss of employment, threat of physical coercion, [or] other manifestations of public hostility." *Young Conservatives of Texas Found.*, 2022 WL 2901007, at *2 (citations omitted). The right to confidentiality in one's membership has been extended to "shield from disclosure confidential membership lists of trade associations, confidential financial contributor lists of trade associations, and confidential internal trade association communications concerning lobbying and legislation." *Bright Response*, 2009 WL 10741629, at *1.

Here, Plaintiff VOTE's interest in the confidentiality of its membership is at least as strong as in the many other contexts where this First Amendment right has been protected. Its members are formerly incarcerated individuals with unique privacy concerns who, importantly, are not themselves party to this lawsuit and therefore have not consented to public disclosure of their personally identifying information and history of criminal convictions. As formerly incarcerated persons, VOTE members are particularly sensitive to the public disclosure of their information. Ex. 2, Declaration of Emily Posner at ¶ 5. VOTE works with their members on a variety of sensitive advocacy issues, and the public disclosure of members' personally identifying information will adversely affect the associational rights of Plaintiffs and their members. *Id.* at ¶¶ 10-12. For

example, VOTE members often worry that public involvement with the government may adversely impact their housing or employment status. *Id.* at ¶ 5. VOTE assures its members' privacy and always seeks consent before publicizing a member's personally identifiable information. *Id.* at ¶¶ 6-7. In particular, compelled disclosure here will harm Plaintiff VOTE's ability to engage in advocacy, as involuntary disclosure of member information will discourage current and prospective members from engaging with VOTE. *Id.* at ¶¶ 7-8, 11. This is especially true given the "particularly toxic" current political climate in Louisiana, *see id.* at ¶ 8, where "pervasive lies" about Louisiana elections have already impacted the public's perception of the elections system. *See* Sam Karlin, *Kyle Ardoin, citing 'pervasive lies,' is not running for reelection to secretary of state*, The Advocate (Apr. 11, 2023), https://www.theadvocate.com/baton_rouge/ news/politics/elections/kyle-ardoin-wont-run-for-re-election-to-secretary-of-state/article_ 6c5cfb8b-d116-5e32-8937-d8eb287590f1.html.

Contrary to arguments that Defendant has raised in correspondence with Plaintiffs, *see* Ex. 1, at 9-10, it is immaterial that Defendant seeks only a subset of Plaintiffs' membership lists and not their membership lists in their entirety. Whether Defendant seeks lists of all or just some of Plaintiffs' members does not alter the privacy interests that Plaintiffs possess under the Constitution.

Furthermore, contrary to Defendant's assertions, *see id.*, a protective order here would balance the interests of all parties. *See LULAC*, 2022 WL 2806850, at *5-6 (weighing competing interests and reasoning that, while there is a public interest in identifying who is using the judicial system, this "presumption of identification . . . focuses on *parties* to a lawsuit" and not on the members of an organizational party); *Bright Response*, 2009 WL 10741629, at *2 (balancing the party's need for the requested information against the risk that disclosure might adversely affect

First Amendment conduct). With a protective order in place, Plaintiffs would provide Defendant with all of the information he has requested, enabling him and the Court to confirm Plaintiffs' standing to bring this action on the basis of the harm that Plaintiffs allege their members have suffered.

A protective order would merely prohibit Defendant from publicly disclosing this information in, for example, a filing in this litigation. Thus, the protective order strikes a balance between Plaintiff VOTE's interest in the confidentiality of its memberships and the Defendant's ability to probe Plaintiff VOTE's evidentiary basis for standing. Defendant further objects to the entry of a protective order on the grounds that he will need to consult with parish registrars to confirm the allegations as to each member. Ex. 1, at 4-5, 9-11. Plaintiffs have indicated to Defendant that they are open to a protective order with a provision explicitly permitting Defendant to consult parish registrars, and the attached protective order includes such a provision, *see* Proposed Order, but Defendant nevertheless remains unamenable to agreeing to any protective order preserving the confidentiality of VOTE's members. *See* Ex. 1, at 4-5.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask that the Court enter a protective order prohibiting the public disclosure of personally identifying information of Plaintiffs' members.

Respectfully submitted this 13th day of June, 2023.


*/s/Valencia Richardson*
Valencia Richardson (LSBA #39312)          William P. Quigley (LSBA #07769)
Danielle Lang*                             Loyola University Law New Orleans
Blair Bowie*                               College of Law
Christopher M. Lapinig*                     7214 St. Charles Ave. Campus Box 902
Kate Uyeda*                                New Orleans, LA 70118
Allison Walter*                            Quigley77@gmail.com
Campaign Legal Center
1101 14th St. NW Suite 400
Washington, DC 20005
(202) 736-2200
dlang@campaignlegal.org
bbowie@campaignlegal.org
vrichardson@campaignlegal.org
clapinig@campaignlegal.org
kuyeda@campaignlegal.org
awalter@campaignlegal.org

* *Admitted pro hac vice*

8

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this date, June 13, 2023, I electronically filed the foregoing

Motion with the Clerk of the Court using the Court's CM/ECF system, which will send a notice

of electronic filing to counsel of record who are registered with the Court's CM/ECF system.


<u>/s/ Valencia Richardson</u>
Valencia Richardson
*Counsel for Plaintiffs*

9

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7(e), I hereby certify that on June 12, 2023, I, counsel for Plaintiffs, conferred with opposing counsel in a good faith effort to resolve the issues raised by this motion. The parties were unable to resolve the issues raised in this motion because Defendant opposes the relief requested in this motion.

/s/ Valencia Richardson
Valencia Richardson
*Counsel for Plaintiffs*