UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **VOICE OF THE EXPERIENCED, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-331-JWD-SDJ** |
| **R. KYLE ARDOIN** | |

### ORDER

Before the Court is Plaintiffs' Motion for Protective Order (R. Doc. 30). The Motion is opposed, and the Court set an expedited briefing schedule (R. Doc. 31). Defendants filed an opposition on June 20, 2023 (R. Doc. 36), and a hearing on the Motion was held before the undersigned on June 21, 2023. (R. Doc. 39).

Plaintiffs seek a protective order to designate as confidential any identifying information regarding members of their organizations in order to protect the rights to privacy in association of both Plaintiff organizations and their members. (R. Doc. 30-1 at 4). Defendant objects to the protective order, claiming lack of good cause and contending that the proposed order will restrict his ability to defend against Plaintiffs' claims. (R. Doc. 8). In order to balance Defendant's need to investigate Plaintiffs' allegations with Plaintiffs' privacy rights, Plaintiffs' Proposed Protective Order allows for the disclosure of member identities to registrars of voters,[1] consultants, experts, and other witnesses, conditioned upon any third party's agreement to abide by the terms of the Protective Order. (R. Doc. 30-4, § 4(b)).

---

[1] Section 4(b)(iii) of the Proposed Protective Order allows for disclosure of confidential information to "*county* election" officials:

> [A]ny material designated 'CONFIDENTIAL' may only be disclosed to . . . *county* election officials to whom disclosure is reasonably necessary for this litigation and who have signed the 'Acknowledgment and Agreement to Be Bound' . . . .

The Court finds good cause under Federal Rule of Civil Procedure 26(c) to protect the identities of members of Plaintiff organizations. In addition to the members' concerns over retaliation and the Plaintiff organizations' interest in maintaining trust among their membership in order to do their work, First Amendment jurisprudence around privacy of membership lists rises at least to the standard of "good cause" for a protective order.[2] The proposed order does not prevent Defendant from obtaining the identities of Plaintiff organizations' members and using them as necessary to this litigation. Defendant offers only speculation that its investigation will be hampered by the terms of the Protective Order, and Defendant offered no viable alternatives to the proposed terms. For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Motion for Protective Order (R. Doc. 30) is **GRANTED**, and the attached Protective Order will be entered into the record by the Clerk of Court.

Signed in Baton Rouge, Louisiana, on June 23, 2023.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

(R. Doc. 30-4 at 4) (emphasis added). Given the reference to counties, Defendant argues that this is not "narrowly tailored" to a Louisiana lawsuit and suggests that it may even preclude disclosure to *parish* officials. (R. Doc. 36 at 14, 17). The Court finds this unpersuasive, not least because Louisiana courts have acknowledged the equivalence of counties and parishes for more than a century:

> "The Latin word 'parish' is but another name for the English word 'county.'"

*State ex rel. Centani v. Marrero*, 13 Teiss. 185, 191 (1915) (applying Supreme Court declarations about "counties" to Louisiana "parishes").

[2] *See, e.g., Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449 (1958) (holding that requiring the association to produce lists of members and agents was a denial of due process and a restraint on the right of freedom of association). Defendant argues that such precedent does not apply to disclosure of partial member lists, as are sought here, but the Court need not reach that issue to determine that good cause exists for a preventative protective order.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| VOICE of the EXPERIENCED, *on behalf of itself and its members*; POWER COALITION for EQUITY and JUSTICE, *on behalf of itself and its members*; and LEAGUE of WOMEN VOTERS of LOUISIANA, *on behalf of itself and its members*;<br><br>*Plaintiffs*,<br><br>v.<br><br>R. KYLE ARDOIN, *in his official capacity as Secretary of State of Louisiana*,<br><br>*Defendant*. | Civil No. 3:23-cv-00331-JWD-SDJ |

**PROTECTIVE ORDER**

WHEREAS, pursuant to Federal Rule of Civil Procedure 26(c), Plaintiffs moved for entry of a protective order in this action;

WHEREAS the Court finds that good cause exists for the entry of a protective order;

It is HEREBY ORDERED that Plaintiffs' motion for a protective order is GRANTED;

It is FURTHER ORDERED that:

1. **Parties Bound by this Stipulation and Confidentiality Agreement.** This Order shall be binding upon all Parties, all Parties' counsel and their law firms, and their employees, officers, directors, and agents, testifying and non-testifying experts ("consultants"), and their staff, and persons made subject to this agreement by its terms.

2. **Scope and Third Parties.** As used in this Order, the term "document" shall mean all documents, electronically stored information, and tangible things within the scope of Fed. R. Civ. P. 26(a)(1)(A)(ii) and 34(a)(1). A draft or non-identical copy is a separate document within the meaning of

3

this term. All documents produced in the course of discovery or in response to requests made by Plaintiffs, shall be subject to this Order as set forth below. Any Party and all third parties who have received subpoenas (collectively for purposes of this Order, "Designating Parties") may designate materials as "CONFIDENTIAL" under this Order if they make a good faith determination that there is good cause to designate such materials under the terms of this Order and pursuant to Fed. R. Civ. P. 26(c). The Designating Party bears the burden of demonstrating that a designation is appropriate, if challenged.

3. **CONFIDENTIAL Material.** Unless such information is a public record under relevant law, or has previously been publicly released by a government agency (state or local), the following information, whether produced by a Party or third party, shall be deemed "CONFIDENTIAL" for purposes of this Order:

   i. The names of members of Plaintiff organizations and all personally identifying information, including but not limited to:
      1. The social security numbers of such individuals, in whole or in part;
      2. The driver's license numbers of such individuals;
      3. The birth dates of such individuals;
      4. The personal telephone numbers of such individuals;
      5. The personal email addresses of such individuals or other contact information used for electronic messaging;
      6. The digitized signature of such individuals;
      7. Other government-issued, including tribal government issued, unique identifiers of such individuals;

        8. Other information that is not public pursuant to federal or Louisiana law that could reveal the identity of such individuals.

    b. Nothing contained herein prohibits any third-party from designating materials if they make a good faith determination that there is good cause to designate such materials under the terms of this Order and pursuant to Fed. R. Civ. P. 26(c).

    c. The Designating Party bears the burden of demonstrating that a designation is appropriate, if challenged.

4. **Designation of "CONFIDENTIAL" Material and Application of Confidentiality Provisions.** The designation of material in the form of documents, discovery responses, or other tangible material other than depositions or other pre-trial testimony shall be made by the Designating Party by affixing the legend "CONFIDENTIAL" on each page containing information to which the designation applies. All material designated "CONFIDENTIAL" that is not reduced to documentary, tangible, or physical form or that cannot be conveniently designated in the manner set forth above shall be designated by the Designating Party by informing the Party receiving the document or information ("the Receiving Party") of the designation in writing. The confidentiality rules in this Order will apply to all material marked "CONFIDENTIAL."

    a. **Basic Principles.** A Receiving Party may use "CONFIDENTIAL" information that is disclosed or produced by any Designating Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. "CONFIDENTIAL" material may be disclosed only to the categories of persons and under the conditions described in this Order. "CONFIDENTIAL" material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited

5

to the persons authorized under this agreement.

b. **Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, any material designated "CONFIDENTIAL" may only be disclosed to:

   i. counsel of record in this action, as well as employees and agents of counsel to whom it is reasonably necessary to disclose the information for this litigation;

   ii. experts and consultants, and their staff, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   iii. county election officials to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   iv. the Court, court personnel, and court reporters and their staff;

   **v.** copy or imaging services retained by counsel to assist in the duplication of "CONFIDENTIAL" material, including E- discovery vendors;

   vi. during, or in preparation for, their depositions, witnesses in the action to whom disclosure is reasonably necessary;

   vii. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

   viii. Parties; and

   ix. employees, officers, representatives, and directors of Parties, to whom disclosure is reasonably necessary for this litigation.

c. **Filing "CONFIDENTIAL" Material.** With the exception of Particular Individual

Information, before filing "CONFIDENTIAL" material or discussing or referencing such material in court filings, the filing Party shall confer with the Designating Party to determine whether the Designating Party will remove the "CONFIDENTIAL" designation, whether the document can be redacted, or whether a motion to seal is warranted. With respect to Particular Individual Information, any such information included in a Court filing shall be redacted without the need for any meet and confer process. If the Parties cannot agree on the handling of "CONFIDENTIAL" material in court filings, then the Party seeking to file such material must either move to file the material under seal or for a court order permitting filing on the public record.

d. **Documents, Things, and Information Produced by Non- Parties.** Any Party may designate as "CONFIDENTIAL" any documents or things produced by a non-party in this action that contain information deemed "CONFIDENTIAL" by the Designating Party by providing written notice of the designation to all counsel of record and to counsel for the disclosing non-party within thirty (30) days after the Designating Party receives the produced document or thing.

   i. If no Party designates the document or thing as "CONFIDENTIAL" within the thirty day period, and if the disclosing non-party has not designated the document or thing as "CONFIDENTIAL", then the document or thing shall be considered not to contain any "CONFIDENTIAL" information.

e. **Use of Documents Containing Redacted CONFIDENTIAL Information.** The Parties and their counsel and experts agree to redact "CONFIDENTIAL" information from documents before: (a) using such documents at trial, any hearing, or any court proceeding; (b) attaching such documents to any publicly-filed pleading or filing; or (c)

7

using such documents in any other way where the documents could be seen by the public or by anyone not bound by this Order.

f.  **Other Redactions.** Nothing in this Order precludes the Parties from making redactions for privilege or for other legal reasons before documents are produced.

g.  **Inadvertent Disclosure.** A Party that has inadvertently produced "CONFIDENTIAL" Information without so designating it may at any time re-designate such information as "CONFIDENTIAL." The inadvertent or unintentional disclosure of "CONFIDENTIAL" information shall not be deemed a waiver, in whole or in part, of any Party's claims of confidentiality. If a Party inadvertently or unintentionally produces "CONFIDENTIAL" Information without designating it as such in accordance with the provisions of this Order, that Party shall promptly upon discovery, either: (a) demand the return or destruction of the "CONFIDENTIAL" Information; or (b) furnish a properly marked substitute copy, along with written notice to all Parties that such document or information is deemed "CONFIDENTIAL" and should be treated as such in accordance with the provisions of this Order. Each Receiving Party must treat such document or information as "CONFIDENTIAL" from the date such notice is received, but each Receiving Party shall have no liability for any disclosures of such information that were made prior to re-designation. If prior to receiving such notice, the Receiving Party had disclosed the inadvertently undesignated material to persons or entities not authorized to receive it under this Order, the Receiving Party must report such disclosure to the Designating Party and make reasonable efforts to retrieve it, and the Receiving Party must make reasonable efforts thereafter to assure that the material is treated in accordance with the provisions of this Order.

h. **Information subject to a claim of privilege or protection as trial-preparation material.** In the event that information subject to a claim of privilege or protection as trial-preparation material is produced in the course of this litigation, the production does not operate as a waiver if (1) the disclosure was inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder of the privilege or protection took reasonable steps to rectify the error, including following Federal Rule of Civil Procedure 26(b)(5)(B).

i. **Challenge of "CONFIDENTIAL" Designations.** Any Party who wishes to challenge the propriety of the designation of Information as "CONFIDENTIAL" may do so by providing written notice to the Designating Party at any time up to ten (10) days before the pretrial conference or ten (10) days before trial, whichever is earlier. The notice shall (a) attach a copy of each document subject to challenge, or identify each such document by production number or other appropriate designation, and (b) set forth the reason for such objection. The objecting Party and the Designating Party shall attempt in good faith to resolve any challenge on an informal basis. If an agreement cannot be reached, the objecting Party may seek a decision from the Court with respect to the propriety of the designation. The subject material will continue to be protected under this Protective Order until the Court orders otherwise.

j. **No Waiver.** The inadvertent failure to assert a claim of attorney- client or other privilege or protection under the work product doctrine shall not constitute a waiver of the right to claim a privilege or protection. Any Party may challenge any such claim of privilege or protection on any ground.

k. **Order Remains in Effect.** This Order shall remain in effect throughout the course of this

litigation and during any appeals. Following the termination of this litigation, the Order shall remain in effect for CONFIDENTIAL information derived from properly designated documents, and the Court shall retain jurisdiction to enforce this provision.

l.  **Destruction of Un-Redacted Documents Containing CONFIDENTIAL Information.** This Paragraph applies to documents that contain un-redacted "CONFIDENTIAL" information. Except as otherwise prohibited by federal law (including the Federal Records Act, 44 U.S.C. § 3301 et seq.) or the law of Louisiana, within ninety days after final disposition of this case not subject to further appeal, the Parties and their counsel and experts, and all other persons having possession, custody, or control of such documents, shall either: (a) return all such documents and any copies thereof to the individual or entity that produced the documents; or (b) destroy hard copies of such documents and all copies thereof with a shredder and make reasonable efforts to delete all electronic copies of such documents from all systems and databases. Notwithstanding the above requirement, the Parties are entitled to retain (a) one copy of pleadings, expert reports, exhibits, or other documents made part of the court record containing un-redacted CONFIDENTIAL information and un-redacted CONFIDENTIAL information that is incorporated in attorney work product so long as the Parties restrict access to such information to those persons who are permitted access under the Order.

m.  **Action by the Court.** Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make any Orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial, including the ability to order removal of a "CONFIDENTIAL" designation.

n. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of any Party or any other person with standing concerning the subject matter.

o. **No Prior Judicial Determination.** This Order is entered based on the presentations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any CONFIDENTIAL documents or information are subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

p. **Persons Bound and Retroactivity.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the Parties and their employees, officers, directors, and agents, testifying experts and consultants, and their staff, and persons made subject to this Order by its terms. This Order shall apply to all documents in this litigation, including any "CONFIDENTIAL" Information, appropriately marked as such, that was produced prior to the Order being signed.

Signed in Baton Rouge, Louisiana, on June 23, 2023.

*[signature: Scott Johnson]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| VOICE of the EXPERIENCED, *on behalf of itself and its members*; POWER COALITION for EQUITY and JUSTICE, *on behalf of itself and its members*; and LEAGUE of WOMEN VOTERS of LOUISIANA, *on behalf of itself and its members*;<br><br>*Plaintiffs*,<br><br>v.<br><br>R. KYLE ARDOIN, *in his official capacity as Secretary of State of Louisiana*,<br><br>*Defendant*. | Civil No. 3:23-cv-00331-JWD-SDJ |

### 1. ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order dated June __, 2023 in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Middle District of Louisiana in matters relating to the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court or any other penalty otherwise imposed by the United States District Court for the Middle District of Louisiana.

Signed: _____ by _____ (print name)

Business Address: _____

Date: _____

13