UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**VOICE OF THE EXPERIENCED, ET AL.**

**VERSUS**

**ARDOIN**

**CIVIL ACTION**

**No. 23-331-JWD-SDJ**

## ORDER

Before the Court is Defendant's Motion to Stay Discovery (R. Doc. 84) until a ruling is made on Defendant's pending Motion to Dismiss (R. Doc. 32). Plaintiffs oppose the motion (R. Doc. 86), and Defendant has filed a reply (R. Doc. 88). For the reasons below, Defendant's Motion is **DENIED,** and a new scheduling conference is set below.

Generally, a court "must issue a scheduling order as soon as practicable, but in any event within the earlier of 120 days after any defendant has been served with the complaint or 90 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2). A court may adopt "special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems." *Id*. at 16(c)(2)(L). A "scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." *Id*. at 16(b)(3)(A). It may contain additional deadlines regarding discovery and "other appropriate matters." *Id*. at 16(b)(3)(B). A district court has discretion to stay discovery "for good cause shown." Fed. R. Civ. P. 26(c). Good cause may exist when the party from whom discovery is sought shows that it would suffer "annoyance, embarrassment, oppression or undue burden or expense" absent a stay. *Id*. However, "the issuance of a stay is by no means automatic." *Spencer*

*Trask Software & Info. Servs. v. RPost Int'l.*, 206 F.R.D. 367, 368 (S.D.N.Y.2002) (quotation omitted). Indeed, "[a] stay while a dispositive motion is pending is the exception rather than the rule." *Great Lakes Ins., S.E. v. Gray Grp. Invs., LLC*, 2021 WL 7708048, at *10 (E.D. La. May 21, 2021) (citing cases).

Defendant asserts that good cause exists to stay discovery until the Court rules on the pending Motion to Dismiss, citing unnecessary burden on Defendant with continued discovery, minimal prejudice to Plaintiffs, and the interest in judicial economy. (R. Doc. 84-1 at 7-9). The Court is unpersuaded by these arguments. In explaining his burden if discovery continues, Defendant merely cites the theoretical existence of discovery rather than specific hardships, e.g., "[s]ubjecting the Secretary of State to discovery when a motion to dismiss is pending *may* subject him to undue burden." (R. Doc. 84-1 at 7) (emphasis added). While Defendant cites fourteen court documents as a demonstration of already existing discovery disputes, most of these were Court orders or Plaintiffs' motions that required no action on Defendant's part. Furthermore, Defendant states that the issues at stake in this matter are primarily legal questions and will not require extensive discovery (R. Doc. 84-1 at 8); while Defendant may say this to demonstrate that there would be adequate time for discovery, the Court also sees it as evidence that continued discovery will not be overly burdensome.

As to how a stay of discovery would prejudice Plaintiff, Defendant argues that there is ample time for discovery before Plaintiff's proposed trial date of July 15, 2024—particularly ample time if the Motion to Dismiss terminates any of the existing claims. (R. Doc. 84-1 at 8). But it often takes six to nine months to receive a ruling on a motion to dismiss.[1] Assuming nine months for the instant Motion to Dismiss, discovery would not start until March 2024, leaving only four

---

[1] Based on a recent sampling of motions to dismiss before this Court.

months for all discovery and pretrial matters. Defendant also cites judicial economy, conserving the Court's resources spent on unnecessary discovery issues. Again, the Court points to the potentially extremely short window for discovery after a ruling on the Motion to Dismiss. It would be difficult for the Court to manage potential discovery disputes arising during the compressed discovery period.

Finally, in both his Motion and Reply to Plaintiff's Opposition, Defendant cites another case in the Middle District with a National Voter Registration Act claim, in which Defendant claims the judge stayed discovery until a ruling was issued on the motion to dismiss that claim. (R. Doc. 84-1 at 5, fn. 1; R. Doc. 88 at 1-2). The order Defendant cites is one canceling a *scheduling conference* pending a motion to dismiss. Notice to Counsel, ECF No. 34, *Public Interest Legal Foundation, Inc. v. Ardoin, et al.*, No. 22-081 (M.D. La. 2022). This is notably *not* a stay of discovery, as Defendant characterizes it. Though a scheduling order may provide deadlines and conditions for discovery, it does not *initiate* discovery; therefore, a delay in issuance of a scheduling order is not a stay of discovery. In fact, a scheduling order has not yet been issued in the instant action, yet the parties here have already been participating in discovery.

Plaintiffs, on the other hand, argue that because the parties have been engaging in discovery for some time now—the Motion to Dismiss has now been pending for about four months—the Court should not now accept Defendant's argument that it is unduly burdensome. (R. Doc. 86 at 3). Further, Plaintiffs assert that a stay in discovery would severely prejudice Plaintiffs' ability to obtain relief. (R. Doc. 86 at 4). Plaintiffs specifically cite an inequity in already-completed discovery such that a stay at this point in discovery would be particularly unfair. (R. Doc. 86 at 5). Plaintiffs also cite the expedited litigation, with the next election for which the challenged practices would be relevant schedule for November 2024 and a voter registration deadline in October 2024.

(R. Doc. 86 at 5). With such a relatively short time before the relevant election, any delay in litigation could harm Plaintiffs' ability to obtain relief before the next election.

Given the Court's broad discretion over the discovery schedule, the expedited trial schedule, the Court's own limited resources to handle an even further expedited discovery period, and the other reasons discussed above,

**IT IS ORDERED** that Defendant's Motion to Stay Discovery (R. Doc. 84) is **DENIED**. A Scheduling Conference will be held **October 31, 2023**, at 2:00 PM before Magistrate Judge Scott D. Johnson. The parties will file a **Joint Status Report** by **October 20, 2023**, detailing their proposed pre-trial deadlines. A template for the status report can be found in the Court's Scheduling Conference Order (R. Doc. 18 at 3).

Signed in Baton Rouge, Louisiana, on October 6, 2023.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**